# **Exhibit A**

**From:**            Cynthia Tucker, Esq. <ctucker44@verizon.net>
**Sent:**             Tuesday, February 8, 2022 3:04 PM
**To:**                Spacone, Aaron; CTUCKER44@VERIZON.NET
**Cc:**                Manousos Gregory
**Subject:**       Re: Jenkins v. Walgreens

Aaron - Please allow this to serve as confirm that the below email accurately confirms acceptance of service.

Thank you.

CYNTHIA A. TUCKER, ESQ.
Law Office of Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA  01108
Tel (413) 222-2034
ctucker44@verizon.net

-----Original Message-----
From: Spacone, Aaron <aspacone@morganbrown.com>
To: CTUCKER44@VERIZON.NET <CTUCKER44@VERIZON.NET>
Cc: Manousos Gregory <GManousos@morganbrown.com>
Sent: Tue, Feb 8, 2022 2:33 pm
Subject: RE: Jenkins v. Walgreens

Hi Cynthia,

Thanks so much for your time earlier this afternoon.  This email is just to confirm that we accepted service on Walgreens' behalf in the Alicia Jenkins matter on the date we first got in touch, January 26, 2022.

All the best,
Aaron

Aaron A. Spacone
Associate



E aspacone@morganbrown.com
P (617) 523-6666   D (617) 788-5050

1

# Exhibit B



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 24266010**
**Date Processed: 12/30/2021**

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Walgreen Eastern Co., Inc.<br>Entity ID Number  0501467 |
| **Entity Served:** | Walgreen Eastern Co., Inc. |
| **Title of Action:** | Alicia M. Jenkins vs. Walgreens |
| **Matter Name/ID:** | Alicia M. Jenkins vs. Walgreens (11868871) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hampden County Superior Court, MA |
| **Case/Reference No:** | 21 0207 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 12/29/2021 |
| **Answer or Appearance Due:** | 02/21/2022 |
| **Originally Served On:** | CSC |
| **How Served:** | Express Mail |
| **Sender Information:** | Law Offices of Cynthia A. Tucker<br>413-222-2034 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



35 RIVERVIEW TERRACE

SPRINGFIELD, MA 01108

T- (413) 222-2034

E - ctucker44@verizon.net

December 27, 2021

Resident Agent for Service
Prentice-Hall, Corporation System, Inc.
Walgreen Eastern Co., Inc.
84 State Street
Boston, MA  02109

re: Massachusetts Superior Court Case 2179CV00207 – Alicia Jenkins v. Walgreens

Dear Sir/Madame:

You are hereby advised that I have been retained to represent Alicia Jenkins in actions arising out of her employment with Walgreens et al and wrongful termination from Walgreens on a March 25, 2018.

Enclosed please find the complaint filed in Massachusetts Hampden County Superior Court-Civil, as well as Plaintiff's Emergency Motion to Extend Time to Perfect Service. Attending the complaint and motion are Certificates of Service and Verification. Included in the mailing are also:  the Civil Action Cover Sheet, the Court Tracking Order and the Order on Scheduling of Civil Sis Person Jury Trials.

Sincerely,

Cynthia A. Tucker, Esq.

Enc.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 21 0207 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Alicia Jenkins<br>ADDRESS: 15 Massachusetts<br>Spfld, MA. 01109 | COUNTY Hampden |
|---|---|
| DEFENDANT(S): Walgreens Corp | |

| ATTORNEY: Cynthia A. Tucker<br>ADDRESS: 35 Riverview Terr<br>Spfld, MA. 01108 | ADDRESS: 104 Wilmot Rd, MS<br>#1416 Deerfield, Illinois<br>60015 |
|---|---|
| BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B 22 | Employment Discrimination | F | ☑ YES ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A?<br>☐ YES ☑ NO | Is this a class action under Mass. R. Civ. P. 23?<br>☐ YES ☑ NO |
|---|---|

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $
2. Total doctor expenses ................................................. $
3. Total chiropractic expenses ................................................. $
4. Total physical therapy expenses ................................................. $
5. Total other expenses (describe below) ................................................. $
       Subtotal (A): $

HAMPDEN COUNTY
SUPERIOR COURT
FILED
APR 26 2021
CLERK OF COURTS

B. Documented lost wages and compensation to date ................................................. $
C. Documented property damages to date ................................................. $
D. Reasonably anticipated future medical and hospital expenses ................................................. $
E. Reasonably anticipated lost wages ................................................. $ 223,405
F. Other documented items of damages (describe below) ................................................. $ 743,783

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

      TOTAL (A-F): $ 967,188

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

      TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X      Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X        Date: 04-26-91

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2179CV00207 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Jenkins, Alicia vs. Walgreens | Laura S Gentile, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/26/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 08/24/2021 | |
| All motions under MRCP 12, 19, and 20 | 08/24/2021 | 09/23/2021 | 10/25/2021 |
| All motions under MRCP 15 | 08/24/2021 | 09/23/2021 | 10/25/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 02/21/2022 | | |
| All motions under MRCP 56 | 03/22/2022 | 04/21/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/18/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/26/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/04/2021 | ASSISTANT CLERK Mary C Cullinan | PHONE (413)735-6017 |
|---|---|---|

Date/Time Printed: 05-04-2021 12:02:17                    SCV026\ 08/2018

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN , ss.                                                    SUPERIOR COURT

## ORDER ON SCHEDULING OF CIVIL SIX PERSON JURY TRIALS

Pursuant to the Supreme Judicial Court's Fifth Updated Order Regarding Court Operations Under Exigent Circumstances Created by the COVID-19 Pandemic, paragraph 9 dated February 24, 2021, the Hampden Superior Court is authorized to conduct six person civil jury trials starting in March 2021, with or without the consent of the parties.  Each party will be limited to four peremptory challenges, regardless of whether additional jurors are empaneled. Any party whose case is otherwise ready for trial, and desires a jury of six, shall file a Notice of Trial Readiness with the Clerk's Office, with service upon all counsel and self-represented litigants. Upon filing, the Clerk's Office shall promptly schedule a trial readiness and scheduling conference by Zoom in the appropriate session.

Michael K. Callan
Regional Administrative Justice

DATE:  February 25, 2021

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss                                                    SUPERIOR COURT
                                                              DOCKET #2179CV00207

|  |  |
|---|---|
| ALICIA JENKINS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WALGREENS | ) |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFF'S EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE

**NOW COMES** THE PLAINTIFF, Alicia Jenkins, respectfully moves for an emergency motion to file for late service on the defendant. The plaintiff would be unduly prejudiced if the court did not allow this motion as a denial would prevent the plaintiff from attempting to seek a fair outcome from a discriminatory wrongful termination, in which probable cause has already been found by the Massachusetts Commission Against Discrimination (hereinafter "MCAD"). It would be a miscarriage of justice and fairness, if the plaintiff were not able to have her jury trial to see damages accordingly.

### BACKGROUND

Plaintiff was employed by Walgreens from 1996 to 2018. During the course of her employment, the plaintiff was subjected to routine discriminatory treatment based on her age, of being over forty (40) years old and having a medical disability. Future filings will persuasively

1

illustrate that Walgreens attempted on multiple occasions to make the plaintiff's job so difficult that she might quit while treating other similarly situated employees with less severity. In fact, the defendant's conduct created a hostile work environment tantamount to constructive termination through discrimination. On multiple occasions managers directed the plaintiff to perform job duties only to unfairly criticize her fulfillment of those duties which further created a hostile work environment. Over several years plaintiff required medical care to address her partial blindness, due to glaucoma in her eye and the potential for the blindness to spread to her other eye. Walgreens acted with malice when it employed the plaintiff in the hours of a full-time employee but then discriminatorily changed her status to part-time. This discriminatory change automatically caused the plaintiff's employer-provided healthcare coverage to unfortunately cease mere weeks before her scheduled eye surgery. Of course, Walgreens' discriminatory and egregious conduct severely jeopardized Ms. Jenkins livelihood and overall health.

The plaintiff's complaint was filed on April 26, 2021 in a timely manner. "Under Mass. R. Civ. P. 4(j), service of the summons and complaint on the defendant must be made within 90 days of the filing of the complaint..." Brunelle v. Blaise, No. 2004-00920 (MA 11/24/2004) (Mass. 2004) The ninety (90) days would have expired on July 26, 2021. However, the plaintiff has a good cause reason to have its motion allowed for late service.

The plaintiff's request for permission to file for late service originates from conversation at the time of filing this case. The plaintiff's messenger was reportedly advised by the Hampden County Superior Court Clerk's Office, on the date the case was filed, that the clerk's office would handle the service on the defendant, due to the ongoing pandemic. However, months later when counsel discovered that service had not taken place an effort to rectify the situation

ensued., and the plaintiff is now seeking justifiable relief to file for late service based on having a good caused for it to be allowed.

## STANDARD OF REVIEW

Under <u>Massachusetts Rules of Civil Procedure Rule 4</u>, service of process must be committed on all parties within ninety (90) days of the complaint being filed with the court. Under <u>Rule 60(b)(1)</u> relief can be granted for "mistake, inadvertence, surprise or excusable neglect." Under <u>Mass. R. Civ. P. 6(b)</u>, when notice is required to be done within a specified time, "the court for cause shown may . . ."upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." "Excusable neglect" means that "a party's failure to act within required time periods under one or another of the rules is the result of a reasonable excuse." <u>Motta v. Schmidt Mfg. Corp., 41 Mass. App. Ct. 785, 791 (1996)</u>. See also <u>Bell v. Heinhold, 2004 WL 1109630, Worcester Superior Court No. 2003-0333 (Fecteau, J.)</u>...<u>Brunelle v. Blaise, No. 2004-00920 (MA 11/24/2004) (Mass. 2004)</u>. "

> "The "excusable neglect" clause of the section has been frequently interpreted. It seems clear that relief will be granted only if the party seeking relief demonstrates that the mistake, misunderstanding, or neglect was excusable and was not due to his own carelessness. See <u>Petition of Pui Lan Yee, 20 F.R.D. 399 (N.D.Cal.1957)</u>; <u>Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.N.J.1952)</u>. The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence. The reasons must be substantial." <u>Reporter's Notes, Civil Procedure Rule 60 "Relief from Judgment or Order.</u>

Under <u>Massachusetts Rules of Civl Procedure Rule 5(b)</u>, service made by a clerk is allowed where service cannot be made upon a party under normal circumstances, "if no address is known, by leaving it with the clerk of the court."

## ARGUMENT

In the case at bar, the plaintiff puts forth a persuasive argument that justifies said motion and meets the standard to be allowed. The current pandemic and the conditions of society in April of 2021 are commensurate with atypical circumstances that would warrant an exception to the general rule of service being required within ninety (90) days of a complaint being filed and arguably fall under "excusable neglect." The plaintiff timely filed the complaint with the court in person as to avoid any potential technical difficulties, due to the changes in the judicial system, because of the pandemic. As the plaintiff has shown good cause, the Court should allow for late service on the defendant, and allow the plaintiff, Ms. Jenkins, to proceed forth with her case and jury trial.

**WHEREFORE**, for the foregoing reasons, the Plaintiffs respectfully request that the Court allow this Motion to Extend Time to Perfect Service.

Respectfully Submitted,
The Plaintiff
By her Attorney,

<u>Cynthia A. Tucker, Esq.    (Signature)</u>
Cynthia A. Tucker, Esq., BBO# 554099
Law Office of Cynthia A. Tucker
35 Riverview Terrace,
Springfield, MA 01108
T: (413) 222-2034
Email: ctucker44@verizon.net

Dated: December 24, 2021

4

## VERIFICATION BY PLAINTIFF

With respect to the facts in the foregoing Motion of which I do not have direct personal

knowledge, I affirm, upon information and belief that such information is true and accurate.

Further, I, Alicia M. Jenkins, hereby swear, under the pains and penalties of perjury, that all

of the foregoing facts are true and accurate.

Dated: December 27, 2021

Alicia M. Jenkins
15 Massachusetts Ave
Springfield, MA 01109

Respectfully submitted,
ALICIA M. JENKINS
By her attorney,
Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA 01108

Dated: December 27, 2021

Cynthia A. Tucker, Esq.

Certificate of Service

The undersigned hereby certified that on this 27th day of December 2021 the foregoing
PLAINTIFF'S EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE with
filed complaint by Certified US Post:  ATTN: Walgreen Eastern Co., Inc,  Registered Agent,
Prentice-Hall, Corporation System, Inc. The, 84 State Street. Boston, MA  02109.


_____
Cynthia A. Tucker, Esq.
Law Offices of Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA. 01108
413-222-2034

December 27, 2021

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                            HAMPDEN SUPERIOR COURT

Alicia M. Jenkins,

      Plaintiff,

                   HAMPDEN COUNTY
                   SUPERIOR COURT
vs.                   FILED        No. **21 0207**

Walgreens,         APR 2 6 2021

      Defendant.
                  CLERK OF COURTS

## COMPLAINT

Now into Court comes the Plaintiff, Alicia M. Jenkins, who respectfully submits the following:

1. The Plaintiff, Alicia M. Jenkins (hereinafter Jenkins or Plaintiff), is a resident
   Massachusetts, currently residing at 15 Massachusetts Avenue, Springfield, Hampden
   County, Massachusetts 01109.

2. The Defendant corporation, Walgreens (hereinafter Walgreens or Defendant), Corporate
   office is located at 104 Wilmot Road, MS #1416 Deerfield, Illinois, 60015 with notice
   sent to: ATTN Christina Woodsworth, Employment Law, 104 Wilmont Road, MS #1416,
   Deerfield, Illinois 60015 and ATTN Gregory A. Manousos of the Law Firm of Morgan,
   Brown & Joy, LLP Attorneys At Law, 200 State Street, Boston, MA 02109-2605 as
   representatives of Defendant to date in the Massachusetts Commission Against
   Discrimination complaint, on this same facts.

## JURISDICTION

3. This action is not subject to Superior Court Rule 29 Remand. The Superior Court has
   exclusive jurisdiction over this matter under G.L. c. 212, § 6 because there is a reasonable
   likelihood that the Plaintiff will recover damages over $50,000.

## STATEMENT OF FACTS

4. The plaintiff, Alicia Jenkins (Jenkins), at the time of her termination from employment with Walgreens on March 25, 2018, was a 57-yearold female.

5. The plaintiff began working at Walgreens in approximately 1996 until her wrongful termination from her cashier position in 2018 from a Springfield location store.

6. In 2014, as a result of vision challenges that plaintiff had been experiencing in one eye, plaintiff had eye surgery which was covered by her employer-funded health insurance from Walgreens.

7. In June 2017, there were only two other employees over the age of 40 years working as full-time employees at the same Walgreens Springfield location as the plaintiff; one (Ms. Douglas) retired at age 65 and the other employee (Ms. O'Brien-age 66) transferred to a different location in a different town (Monson, MA) after a robbery at this Springfield store where she worked.   This employee never received full-time hours thereafter.

8. In or around June 2017, when management informed plaintiff that she was not greeting or being customer friendly, plaintiff informed Walgreens management that she was experiencing vision problems.

9. Walgreens management did not engage plaintiff or explore options to assist plaintiff, but instead said something to the effect of "Try harder".

10. Plaintiff did try harder by standing closer to the door and returning to the register to perform the cash out duties, as needed.

11. After June, 2017, the defendant Walgreens, through its managers and assistant managers at the plaintiff's branch, began using coaching cards, repeatedly targeting the plaintiff, despite not coaching or chastising other employees for the same or similar behavior.

12. In the proceeding fall months, plaintiff learned that her problem required surgery and Plaintiff informed her managers of this situation and her need to address this medical need with surgery which likely would require some time off from work (7-8 days).

13. The surgery was scheduled, similar to what had occurred a few years earlier, however, plaintiff was informed by her doctor shortly before scheduled procedure that she had no insurance coverage.

## CAUSES OF ACTION

Defendant Walgreens discriminated against Plaintiff Alicia M. Jenkins on the basis of disability, age and was subjected to retaliation in violation of M.G.L. c. 151B, Section 4, Paragraph 1B and 4, the Americans with Disability Act (ADA) and the Age Discrimination In Employment Act of 1967 (ADEA).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Alicia Jenkins, prays for the following relief:

1. That this Court finds that the plaintiff was wrongfully terminated based on age, disability and was subjected to retaliation; and,
2. For an award of damages at least equal to what the plaintiff would have earned but for the discriminatory and wrongful termination; and,
3. For an award of the amount of insurance money that would have been paid to cover plaintiff's eye surgery that would have taken place but for being terminated; and,
4. For pain and suffering; and,
5. For an award of tortious infliction of emotional distress; and,
6. For actual damages; and,
7. For an award of punitive damages; and,
8. For the award of attorney's fees as allowed; and,
9. For such other and further relief as this Court deems just, fair, and equitable.

## JURY TRIAL DEMAND

The Plaintiff hereby claims a trial by jury in the Superior Court on all issues raised in the Plaintiff's Complaint.

## VERIFICATION BY PLAINTIFF

With regard to the facts in the foregoing complaint of which I have personal knowledge, I

affirm that such information is true and correct.  With respect to the facts in the foregoing

complaint of which I do not have direct personal knowledge, I affirm, upon information and

belief that such information is true and accurate.   Further, I, Alicia M. Jenkins, hereby swear,

under the pains and penalties of perjury, that all of the foregoing facts are true and accurate.


Dated: <u>March 26, 2021</u>

Alicia M. Jenkins
15 Massachusetts Ave
Springfield, MA 01109


Respectfully submitted,
ALICIA M. JENKINS
By her attorney,
Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA 01108


Dated: <u>March 26, 2021</u>

Cynthia A. Tucker, Esq.

Certificate of Service

The undersigned hereby certified that on this 27th day of December 2021 the foregoing complaint
dated and filed on April 26, 2021was sent by Certified US Post:  ATTN: Walgreen Eastern Co.,
Inc,  Registered Agent, Prentice-Hall, Corporation System, Inc. The, 84 State Street. Boston, MA
02109.

Cynthia A. Tucker, Esq.
Law Offices of Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA. 01108
413-222-2034

December 27, 2021

PRIORITY MAIL

PRIORITY MAIL

PRESS FIRMLY TO SEAL

PRIORITY MAIL FLAT RATE ENVELOPE POSTAGE REQUIRED

PRIORIT MAIL



**Retail**

UNITED STATES POSTAL SERVICE.

P

**US POSTAGE PAID**
**$11.40**

Origin: 01108
12/27/21
2478333101-01

**PRIORITY MAIL 2-DAY®**

0 Lb 3.80 Oz

**1004**

EXPECTED DELIVERY DAY: 12/30/21

**C024**

SHIP
TO:
84 STATE ST
BOSTON MA  02109-2202

**USPS SIGNATURE® TRACKING #**



9510 8121 5353 1361 4715 67

**TRACKED ■ INSURED**



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

United States
Postal Service®

VISIT US AT USPS.COM®
Label 106A, Nov 2018

VISIT US AT USPS.COM®
Label 106A, Nov 2018

FROM:
LAW Office of Cynthia Tucker
35 Riverview Terrace
Spfld, MA   01108

TO:
Resident Agent for Service
Prentice-Hall Corporation System, Inc
Walgreen Eastern Co, Inc.
84 State St ~~St~~ (84 State St)
Boston, MA  02109



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 24279563**
**Date Processed: 01/04/2022**

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Walgreen Eastern Co., Inc.<br>Entity ID Number  0501467 |
| **Entity Served:** | Walgreen Eastern Co., Inc. |
| **Title of Action:** | Alicia Jenkins vs. Walgreens |
| **Matter Name/ID:** | Alicia M. Jenkins vs. Walgreens (11868871) |
| **Document(s) Type:** | Affidavit/Declaration |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hampden County Superior Court, MA |
| **Case/Reference No:** | 2179CV00207 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 01/03/2022 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Express Mail |
| **Sender Information:** | Law Office of Cynthia A. Tucker<br>413-222-2034 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.                                                  SUPERIOR COURT
                                                             DOCKET #2179CV00207

_____

ALICIA JENKINS
                    Plaintiff

            v.

WALGREEN
                    Defendant
_____

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF CHANGE OF ADDRESSEE FOR THE
CERTIFICATE OF SERVICE FOR THE COMPLAINT AND EMERGENCY MOTION TO
EXTEND TIME TO PERFECT SERVICE IN THE ABOVE CAPTIONED MATTER

1. I, CYNTHIA A. TUCKER, DECLARE TO THE BEST OF MY KNOWLEDGE AND BELIEF
   THAT THE INFORMATION PROVIDED HEREIN IS TRUE AND ACCURRATE.
2. I am currently the attorney of record for the Plaintiff in the above captioned matter.
3. On April 26, 2021, when this complaint was filed, the name of an attorney and address for
   service that I received from Walmart was as set for the in that complaint's Certificate of
   Service.
4. When I realized that service had not been perfected, per Motion filed on December 27, 2021,
   I used the same address for this Certificate of Service.
5. However, in my attempts to confirm with Walmart that the prior information that I had been
   given in April 2021 remained accurate, I was told it was not.
6. Per the Mass. Secretary of State's website, I attempted to ascertain the correct agent for
   service, however, there were a number of agents for service for Walgreen(s), which forced
   me to contact Walgreen again where I was told to send to the specific agent for service,
   herein named.
7. When, on the same date that said Emergency Motion was filed but prior to mailing the
   documents to Defendant, I learned the service information that I had written on the
   Emergency Motion Service was incorrect, I adjusted my Certificate of Service, as herein
   attached and served the Resident Agent for Service.

8. I effectuated service on December 27, 2021, to the Resident Agent for Service, The Prentice-Hall, Corporation System, Inc., 84 State Street, Boston, MA 02109.

9. Based on the above and foregoing, I request of the Court that the previously filed Certificate of Service be replaced with the Certificate of Service filed herewith which is where, in fact, the documents to Defendant were mailed via US Post on December 27, 2021

Signed this 31st day of December 2021, under the pains and penalties of perjury.

Cynthia A. Tucker, Esq.

Cynthia A. Tucker, Attorney for Plaintiff
35 Riverview Terrace
Springfield, MA 01108
(413) 222-2034
BBO # 554099
Dated: December 31, 2021

CERTIFICATE OF SERVICE

I, Cynthia A. Tucker, Esq., hereby certify that on December 31, 2021, a true copy of Plaintiff Attorney's AFFIDAVIT IN SUPPORT OF CHANGE OF ADDRESS for the Certificate of Service in the Plaintiff's EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE in the above captioned matter was served upon the Defendant, Walgreen Eastern Co., Inc., Resident Agent, The Prentice-Hall, Corporation System, Inc., 84 State Street, Boston, MA 02109.

Cynthia A. Tucker, Esq.

PRIORITY MAIL

PRIORITY MAIL

FLAT RATE ENVELOPE
NO POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

**UNITED STATES**
**POSTAL SERVICE** ®

*Retail*

**P**

**US POSTAGE PAID**
$7.95

Origin: 01108
12/31/21
2478333101-01

**PRIORITY MAIL 2-DAY** ®

0 Lb 2.00 Oz

**1004**

EXPECTED DELIVERY DAY: 01/04/22

C024

SHIP
TO:
84 STATE ST
BOSTON MA 02109-2202

**USPS TRACKING® #**



9505 5121 5353 1365 4727 58

**TRACKED ▪ INSURED**

FROM:
Law Ofc. of Cynthia Tucker
35 Riverview Terrace
Spfld, MA 01108

TO:
The Prentice Hall Corp System, Inc
84 State St.
Boston, MA 02109
(Resident Agent - Walgreen)

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.



**null / ALL**
**Transmittal Number: 24307089**
**Date Processed: 01/11/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Walgreen Eastern Co., Inc.<br>Entity ID Number  0501467 |
| **Entity Served:** | Walgreen Eastern Co., Inc. |
| **Title of Action:** | Alicia Jenkins vs. Walgreens |
| **Matter Name/ID:** | Alicia M. Jenkins vs. Walgreens (11868871) |
| **Document(s) Type:** | Motion |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hampden County Superior Court, MA |
| **Case/Reference No:** | 2179CV00207 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 01/10/2022 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Attorney Cynthia A. Tucker<br>413-222-2034 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



ATTORNEY CYNTHIA A. TUCKER

35 RIVERVIEW TERRACE

SPRINGFIELD, MA 01108

TEL (413) 222-2034

CTUCKER44@VERIZON.NET

January 5, 2022

Resident Agent for Service
Prentice-Hall, Corporation System, Inc.
Walgreen Eastern Co., Inc.
84 State Street,
Boston, MA 02109

Re: Massachusetts Superior Court Case 2179CV00207 – Alicia Jenkins v. Walgreens

Dear Sir/Madame:

You are hereby advised that I have been retained to represent Alicia Jenkins in actions arising out of her employment with Walgreens et al and wrongful termination from Walgreens on a March 25, 2018.

Enclosed please find the complaint filed in Massachusetts Hampden County Superior Court-Civil, as well as Plaintiff's Emergency Motion to Extend Time to Perfect Service. Attending the complaint and motion are Certificates of Service and Verification.
Included in the mailing are also: the Civil Action Cover Sheet, the Court Tracking Order and the Order on Scheduling of Civil Sis Person Jury Trials.

Sincerely,


/s/ Cynthia A. Tucker, Esq.
Cynthia A. Tucker, Esq.

Enc.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss

SUPERIOR COURT
DOCKET #2179CV00207

HAMPDEN COUNTY
SUPERIOR COURT
FILED

DEC 27 2021

CLERK OF COURTS

ALICIA JENKINS                     )
                                   )
            Plaintiff              )
                                   )
      v.                           )
                                   )
WALGREENS                          )
                                   )
            Defendant              )

## PLAINTIFF'S EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE

NOW COMES THE PLAINTIFF, Alicia Jenkins, respectfully moves for an emergency motion to file for late service on the defendant. The plaintiff would be unduly prejudiced if the court did not allow this motion as a denial would prevent the plaintiff from attempting to seek a fair outcome from a discriminatory wrongful termination, in which probable cause has already been found by the Massachusetts Commission Against Discrimination (hereinafter "MCAD"). It would be a miscarriage of justice and fairness, if the plaintiff were not able to have her jury trial to see damages accordingly.

### BACKGROUND

Plaintiff was employed by Walgreens from 1996 to 2018. During the course of her employment, the plaintiff was subjected to routine discriminatory treatment based on her age, of being over forty (40) years old and having a medical disability. Future filings will persuasively

1

illustrate that Walgreens attempted on multiple occasions to make the plaintiff's job so difficult that she might quit while treating other similarly situated employees with less severity. In fact, the defendant's conduct created a hostile work environment tantamount to constructive termination through discrimination. On multiple occasions managers directed the plaintiff to perform job duties only to unfairly criticize her fulfillment of those duties which further created a hostile work environment. Over several years plaintiff required medical care to address her partial blindness, due to glaucoma in her eye and the potential for the blindness to spread to her other eye. Walgreens acted with malice when it employed the plaintiff in the hours of a full-time employee but then discriminatorily changed her status to part-time. This discriminatory change automatically caused the plaintiff's employer-provided healthcare coverage to unfortunately cease mere weeks before her scheduled eye surgery. Of course, Walgreens' discriminatory and egregious conduct severely jeopardized Ms. Jenkins livelihood and overall health.

The plaintiff's complaint was filed on April 26, 2021 in a timely manner. "Under Mass. R. Civ. P. 4(j), service of the summons and complaint on the defendant must be made within 90 days of the filing of the complaint..." Brunelle v. Blaise, No. 2004-00920 (MA 11/24/2004) (Mass. 2004) The ninety (90) days would have expired on July 26, 2021. However, the plaintiff has a good cause reason to have its motion allowed for late service.

The plaintiff's request for permission to file for late service originates from conversation at the time of filing this case. The plaintiff's messenger was reportedly advised by the Hampden County Superior Court Clerk's Office, on the date the case was filed, that the clerk's office would handle the service on the defendant, due to the ongoing pandemic. However, months later when counsel discovered that service had not taken place an effort to rectify the situation

ensued., and the plaintiff is now seeking justifiable relief to file for late service based on having a good caused for it to be allowed.

## STANDARD OF REVIEW

Under <u>Massachusetts Rules of Civil Procedure Rule 4</u>, service of process must be committed on all parties within ninety (90) days of the complaint being filed with the court. Under <u>Rule 60(b)(1)</u> relief can be granted for "mistake, inadvertence, surprise or excusable neglect." Under <u>Mass. R. Civ. P. 6(b)</u>, when notice is required to be done within a specified time, "the court for cause shown may . . ."upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." "Excusable neglect" means that "a party's failure to act within required time periods under one or another of the rules is the result of a reasonable excuse." <u>Motta v. Schmidt Mfg. Corp., 41 Mass. App. Ct. 785, 791 (1996)</u>. See also <u>Bell v. Heinhold, 2004 WL 1109630, Worcester Superior Court No. 2003-0333 (Fecteau, J.)</u>...<u>Brunelle v. Blaise, No. 2004-00920 (MA 11/24/2004) (Mass. 2004)</u>. "

> "The "excusable neglect" clause of the section has been frequently interpreted. It seems clear that relief will be granted only if the party seeking relief demonstrates that the mistake, misunderstanding, or neglect was excusable and was not due to his own carelessness. See <u>Petition of Pui Lan Yee, 20 F.R.D. 399 (N.D.Cal.1957)</u>; <u>Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.N.J.1952)</u>. The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence. The reasons must be substantial." <u>Reporter's Notes, Civil Procedure Rule 60 "Relief from Judgment or Order.</u>

3

Under <u>Massachusetts Rules of Civil Procedure Rule 5(b)</u>, service made by a clerk is allowed where service cannot be made upon a party under normal circumstances, "if no address is known, by leaving it with the clerk of the court."

## ARGUMENT

In the case at bar, the plaintiff puts forth a persuasive argument that justifies said motion and meets the standard to be allowed. The current pandemic and the conditions of society in April of 2021 are commensurate with atypical circumstances that would warrant an exception to the general rule of service being required within ninety (90) days of a complaint being filed and arguably fall under "excusable neglect." The plaintiff timely filed the complaint with the court in person as to avoid any potential technical difficulties, due to the changes in the judicial system, because of the pandemic. As the plaintiff has shown good cause, the Court should allow for late service on the defendant, and allow the plaintiff, Ms. Jenkins, to proceed forth with her case and jury trial.

**WHEREFORE,** for the foregoing reasons, the Plaintiffs respectfully request that the Court allow this Motion to Extend Time to Perfect Service.

Respectfully Submitted,
The Plaintiff
By her Attorney,

Cynthia A. Tucker, Esq.    (Signature)
Cynthia A. Tucker, Esq., BBO# 554099
Law Office of Cynthia A. Tucker
35 Riverview Terrace,
Springfield, MA 01108
T: (413) 222-2034
Email: ctucker44@verizon.net

Dated: December 27, 2021

4

## VERIFICATION BY PLAINTIFF

With regard to the facts in the foregoing complaint of which I have personal knowledge, I affirm that such information is true and correct.  With respect to the facts in the foregoing complaint of which I do not have direct personal knowledge, I affirm, upon information and belief that such information is true and accurate.  Further, I, Alicia M. Jenkins, hereby swear, under the pains and penalties of perjury, that all of the foregoing facts are true and accurate.

Dated: December 27, 2021

Alicia M. Jenkins
15 Massachusetts Ave
Springfield, MA 01109

Respectfully submitted,
ALICIA M. JENKINS
By her attorney,
Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA 01108

Dated: December 27, 2021

Cynthia A. Tucker, Esq.

Certificate of Service

The undersigned hereby certified that on this 27th day of December 2021 the foregoing MoTicn was served by Certified US Post and Email Transmission to Walgreens: ATTN Christina Woodsworth, Employment Law, 104 Wilmont Road, MS #1416, Deerfield, Illinois 60015

Cynthia A. Tucker, Esq.
Law Offices of Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA. 01108
413-222-2034

April 26, 2021


Certificate of Service

The undersigned hereby certified that on this 27th day of December 2021 the foregoing MoTion was served by Certified US Post and Email Transmission to Walgreens: ATTN Gregory A. Manousos of the Law Firm of Morgan, Brown & Joy, LLP Attorneys At Law, 200 State Street, Boston, MA 02109-2605

Cynthia A. Tucker, Esq.
Law Offices of Cynthia A. Tucker
35 Riverview Terrace
Springfield, MA. 01108
413-222-2034

December 27, 2021

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.

SUPERIOR COURT
DOCKET #2179CV00207

ALICIA JENKINS
                    Plaintiff

            v.

WALGREEN
                    Defendant

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF CHANGE OF ADDRESSEE FOR THE
CERTIFICATE OF SERVICE FOR THE COMPLAINT AND EMERGENCY MOTION TO
EXTEND TIME TO PERFECT SERVICE IN THE ABOVE CAPTIONED MATTER

1. I, CYNTHIA A. TUCKER, DECLARE TO THE BEST OF MY KNOWLEDGE AND BELIEF THAT THE INFORMATION PROVIDED HEREIN IS TRUE AND ACCURRATE.
2. I am currently the attorney of record for the Plaintiff in the above captioned matter.
3. On April 26, 2021, when this complaint was filed, the name of an attorney and address for service that I received from Walmart was as set for the in that complaint's Certificate of Service.
4. When I realized that service had not been perfected, per Motion filed on December 27, 2021, I used the same address for this Certificate of Service.
5. However, in my attempts to confirm with Walmart that the prior information that I had been given in April 2021 remained accurate, I was told it was not.
6. Per the Mass. Secretary of State's website, I attempted to ascertain the correct agent for service, however, there were a number of agents for service for Walgreen(s), which forced me to contact Walgreen again where I was told to send to the specific agent for service, herein named.
7. When, on the same date that said Emergency Motion was filed but prior to mailing the documents to Defendant, I learned the service information that I had written on the Emergency Motion Service was incorrect, I adjusted my Certificate of Service, as herein attached and served the Resident Agent for Service.

8.  I effectuated service on December 27, 2021, to the Resident Agent for Service, The Prentice-Hall, Corporation System, Inc., 84 State Street, Boston, MA 02109.

9.  Based on the above and foregoing, I request of the Court that the previously filed Certificate of Service be replaced with the Certificate of Service filed herewith which is where, in fact, the documents to Defendant were mailed via US Post on December 27, 2021

Signed this 31ˢᵗ day of December 2021, under the pains and penalties of perjury.

Cynthia A. Tucker, Esq.

Cynthia A. Tucker, Attorney for Plaintiff
35 Riverview Terrace
Springfield, MA 01108
(413) 222-2034
BBO # 554099
Dated:  December 31, 2021

CERTIFICATE OF SERVICE

I, Cynthia A. Tucker, Esq., hereby certify that on December 31, 2021, a true copy of Plaintiff Attorney's AFFIDAVIT IN SUPPORT OF CHANGE OF ADDRESS for the Certificate of Service in the Plaintiff's EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE in the above captioned matter was served upon the Defendant, Walgreen Eastern Co., Inc., Resident Agent, The Prentice-Hall, Corporation System, Inc., 84 State Street, Boston, MA 02109.

Cynthia A. Tucker, Esq.

F

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss                                    SUPERIOR COURT
                                               DOCKET #2179CV00207

|                                    |   |
| ---------------------------------- | - |
| ALICIA JENKINS                     | ) |
|                                    | ) |
|                     Plaintiff      | ) |
|                                    | ) |
|          v.                        | ) |
|                                    | ) |
| WALGREENS                          | ) |
|                                    | ) |
|                     Defendant      | ) |

HAMPDEN COUNTY
SUPERIOR COURT
FILED

DEC 27 2021

*Jean B Jaub*
CLERK OF COURTS

### PLAINTIFF'S EMERGENCY MOTION TO EXTEND TIME TO PERFECT SERVICE

NOW COMES THE PLAINTIFF, Alicia Jenkins, respectfully moves for an emergency motion to file for late service on the defendant. The plaintiff would be unduly prejudiced if the court did not allow this motion as a denial would prevent the plaintiff from attempting to seek a fair outcome from a discriminatory wrongful termination, in which probable cause has already been found by the Massachusetts Commission Against Discrimination (hereinafter "MCAD"). It would be a miscarriage of justice and fairness, if the plaintiff were not able to have her jury trial to see damages accordingly.

### BACKGROUND

Plaintiff was employed by Walgreens from 1996 to 2018. During the course of her employment, the plaintiff was subjected to routine discriminatory treatment based on her age, of being over forty (40) years old and having a medical disability. Future filings will persuasively

1

*Allowed. Deadline extended to January 31, 2022.*
*Moore J   12.27.21*
*B.H. E/m 1/3/22*

4

FROM:

Law Offices of Cynthia A. Tucker

35 Riverview Terrace

Springfield, MA 01108

7020 0090 000

TO:

Presiden

Prentice

84 St

Bosto



CERTIFIED MAIL

7020 0090 0000 4028 0390



U.S. POSTAGE PAID
FCM LG ENV
GARDNER, MA
01440
JAN 06  22
AMOUNT
$8.76
1000         02109        R2305H129078-28

Resident Agent for Service
Prentice-Hall Corporation System
84 State Street
Boston, MA 02109

Ready  ost.

# **Exhibit C**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, SS.                          SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO. 2179CV00207

ALICIA M. JENKINS,

              Plaintiff                **NOTICE OF FILING OF**
                                       **REMOVAL OF ACTION TO**
      vs.                              **FEDERAL COURT**

WALGREENS,

              Defendants

      TO:   Civil Clerk of the Superior Court
            Hampden County Superior Court
            50 State Street
            Springfield, MA 01102

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal (with attachments thereto) and a Notice to Opposing Counsel of Removal has been

filed on this day with the United States District Court for the District of Massachusetts.  Copies

of said Notice of Removal and Notice to Opposing Counsel are attached hereto as Exhibits 1 and

2, respectively.  This Court is respectfully requested to proceed no further in this action, unless

and until such time as the action may be remanded by order of the United States District Court.

1

THE DEFENDANT,
WALGREEN EASTERN CO., INC.

By its attorneys,


Gregory A. Manousos (BBO #631455)
Aaron A. Spacone (BBO #688838)
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com
   aspacone@morganbrown.com

Dated: February 15, 2022




### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record for Plaintiff, Cynthia A. Tucker, Law Offices of Cynthia A. Tucker, 35 Riverview Terrace, Springfield, MA 01108, via regular and electronic mail at ctucker44@verizon.net on February 15, 2022.


Aaron A. Spacone

# **Exhibit D**

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, SS.                                       SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO. 2179CV00207

ALICIA M. JENKINS,

                    Plaintiff                      **NOTICE TO COUNSEL OF FILING
                                                   OF  REMOVAL OF ACTION TO
         vs.                                       FEDERAL COURT**

WALGREENS,

                    Defendants

TO:        Cynthia Tucker, Esq.
           Law Offices of Cynthia A. Tucker
           35 Riverview Terrace
           Springfield, MA 01108

       PLEASE TAKE NOTICE that Defendant Walgreen Eastern Co., Inc. has, on the 15th

day of February, 2022, filed in the United States District Court of the District of Massachusetts,

its Notice of Removal of the above-styled action from the Superior Court, Hampden County,

Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for

the District of Massachusetts, together with copies of the Complaint filed by the Plaintiff in the

Superior Court, Hampden County, Massachusetts.

       You are also advised that said Defendant, upon filing said Notice, filed a Notice of Filing

of Removal of Action to Federal Court with the Clerk of the Superior Court for Hampden

County, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with

exhibits attached thereto; and (2) the Notice to Counsel of Filing of Removal of Action to

Federal Court.

       Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446,

and no further proceedings may be had in this state court action.

1

THE DEFENDANT,
WALGREEN EASTERN CO., INC.

By its attorneys,


Gregory A. Manousos (BBO #631455)
Aaron A. Spacone (BBO #688838)
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com
    aspacone@morganbrown.com

Dated: February 15, 2022


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record for Plaintiff, Cynthia A. Tucker, Law Offices of Cynthia A. Tucker, 35 Riverview Terrace, Springfield, MA 01108, via regular and electronic mail at ctucker44@verizon.net on February 15, 2022.


Aaron A. Spacone